UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JOHNSTON AND JOHNSTON** | * | **CIVIL ACTION NO. 12-1552** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **CONSECO LIFE INSURANCE COMPANY** | * | **MAG. JUDGE KAREN L. HAYES** |

**ORDER**

Pending before the court are cross-motions for summary judgment. Before reaching the merits of the case, however, the court must ensure that it enjoys subject matter jurisdiction to entertain the matter.

Plaintiff Johnston and Johnston file the instant declaratory judgment action under the court's diversity jurisdiction, 28 U.S.C. § 1332. Of course, when jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). This rule requires "strict adherence." *Id*. Furthermore, for purposes of diversity, the citizenship of a partnership is determined by the citizenship of each of its partners. *Int'l Paper Co. v. Denkmann Associates*, 116 F.3d 134, 137 (5th Cir. 1997) (citation omitted). Although plaintiff alleges that it is a Louisiana partnership, with its principal place of business in Louisiana, it fails to identify its partners or their citizenship as required to establish diversity.

Accordingly, within the next seven (7) days from the date of this order, plaintiff is granted leave of court to file an amended complaint that establishes diversity jurisdiction. *See* 28

U.S.C. § 1653. If plaintiff fail to so comply, or if jurisdiction is found to be lacking, then dismissal will be recommended. Fed.R.Civ.P. 12(h)(3).

    IT IS SO ORDERED.

    THUS DONE AND SIGNED, in chambers, at Monroe, Louisiana, this 3rd day of October 2012.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE