UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JOHNSTON & JOHNSTON | CIVIL ACTION NO. 12-1552 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CONSECO LIFE INSURANCE COMPANY | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court are two Motions: a Motion for Summary Judgment filed by Plaintiff Johnston & Johnston [Doc. No. 11] and a Motion to Dismiss, or, in the alternative, Motion for Summary Judgment, filed by Defendant Conseco Life Insurance Company [Doc. No. 6]. For the following reasons, Plaintiff's Motion is GRANTED, and Defendant's Motion is DENIED.

I.   FACTUAL AND PROCEDURAL HISTORY

This action arises out of a "flexible premium adjustable life insurance policy" purchased by Plaintiff Johnston & Johnston and insuring the life of Mary Ann D. Johnston. The policy was purchased from Defendant's predecessor-in-interest on April 12, 1988, when Ms. Johnston was 68 years old. [Doc. No. 11-1, p. 2.] Unlike a fixed premium policy, a flexible premium policy does not have scheduled premium due dates. [Doc. No. 6-1, p. 2.] Instead, the policyholder designates the amount and frequency with which he or she wishes to receive billing notices. Here, Plaintiff elected to receive annual billing notices in the amount of $32,451.00. [Doc. No. 6-2, p. 2.]

On September 12, 2010, Defendant sent a "grace notice" to Plaintiff, with a due date of

November 12, 2010, and an amount due of $38,778.46. On September 21, 2010, Defendant sent a "Notice of Premium Due." [Doc. No. 11-2, p. 1.] That notice stated the annual premium due date was October 12, 2010, and the amount due was $32,451.00. On October 6, 2010, Plaintiff paid the grace amount of $38,778.46, which kept the policy current through December 12, 2010.

On December 12, 2010, Defendant sent a "grace notice" to Plaintiff. [Doc. No. 11-2, p. 2.] Pursuant to the grace period, Plaintiff was allowed 61 days from December 12, 2010, to pay the overdue premiums. On January 6, 2011, Defendant sent a second "grace notice." [Doc. No. 11-2, p. 4.] However, Plaintiff made no additional payments. The grace period ended on February 11, 2011, and the policy lapsed. At that time, the death benefit extension period began and ran until September 12, 2011. [Doc. No. 6-13.]

Plaintiff alleges that Ralph Speirs, Plaintiff's accountant, had been out of the office with illness, but returned on February 13 and discovered the grace notices. He contacted Defendant by telephone the following day and attempted to pay the overdue premiums, but those efforts were refused. [Doc. No. 11-2, p. 6.] He then applied for reinstatement on behalf of Plaintiff on August 25, 2011, but Defendant denied that application on September 15, 2011. [Doc. No. 11-2, p. 6.]

## II. LAW AND ANALYSIS

### A. Standard of Review

#### 1. Summary Judgment

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying

portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

    2.  **Motion To Dismiss**

Defendant filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. [Doc. No. 6.] Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell *Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

In deciding a Rule 12(b)(6) motion to dismiss, the "analysis is generally confined to a review of the complaint and its proper attachments." *Lane v.* Halliburton, 529 F.3d 548, 557 (5th Cir. 2008). "If, on a motion filed pursuant to Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). A court has discretion pursuant to Rule 12(b)(6) whether to accept and consider such materials on a motion to dismiss. *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n. 3 (5th Cir. 1988); 2 James Wm. Moore, Moore's Federal Practice § 12.34, at 12–72 (3d ed. 2002). In such cases, Rule 12(d) provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Here, Plaintiff's Motion for Summary Judgment has been fully briefed and the parties agree that the material facts are not in dispute. In addition, no matters outside the pleadings have been excluded by the Court. As such, the parties have had a reasonable opportunity to present all pertinent materials to the Court. Therefore, the Court will construe Defendant's Motion as one for summary judgment.

**B.     Analysis Under Louisiana Revised Statute Section 22:905**

The parties agree that the material facts are not in dispute, and the sole issue before this Court is whether the notices sent by Defendant to Plaintiff in advance of its policy cancellation satisfied the requirements of LA. REV. STAT. § 22:905.

LA. REV. STAT. § 22:905 requires that an insurer provide written notice no less than 15 and no more than 45 days prior to the date the premium is payable. Failure to provide sufficient

notice prevents an insurer from cancelling a policy for one year following default. Plaintiff argues the operative date is the premium due date, while Defendant argues the operative date is the date upon which the grace period expires.

Section 22:905 "embodies a state policy of Louisiana against forfeiture by its citizens of insurance benefits without notice." *Lester v. Aetna Life Ins. Co.*, 433 F.2d 884, 890 (5th Cir. 1970). The purpose is to protect the insured "from losing coverage due to mere inadvertence and to give the insured a fair chance to meet the payments when due." *Turner v. OM Financial Life Ins. Co.*, 822 F. Supp. 2d 633, 637 (W.D. La. 2011). Because LA. REV. STAT. § 22:905 is a forfeiture statute, it is to be strictly construed in favor of the insured. *First Am. Bank & Trust v. Texas Life Ins. Co.*, 10 F.3d 332, 335 (5th Cir. 1994).

The parties agree that neither the September 21, 2010 "Notice of Premium Due" nor the December 12, 2010 grace notice satisfied LA. REV. STAT. § 22:905. The Notice of Premium Due stated the incorrect amount due. *See Turner*, 822 F. Supp. 2d at 637-38. The December 12 grace notice was untimely, although the parties disagree as to the reason. Plaintiff contends it was untimely because it was mailed after the October 12, 2010 due date. Defendant contends the notice was premature because it was mailed on December 12, 2010, before the 15-to-45-day window prior to the end of the grace period.

The bulk of the dispute centers on the January 6, 2011 grace notice. Plaintiff contends the notice was untimely because grace notices, by definition, are mailed after the premium due date. Accordingly, a grace notice could never satisfy LA. REV. STAT. § 22:905 because notice must be received before the premium due date to comply with the statute's requirements. Defendant contends the operative date was the date the grace period would expire and not when the

premiums were due. Thus, Defendant argues the January 6, 2011 notice was timely because it was mailed 15 to 45 days before the end of the grace period on February 11, 2011.

The Court concludes that Plaintiff's reading of the statute is correct. Section 22:905 provides that notice must be given "at least fifteen and not more than forty-five days prior to the date when *the same is payable*." (emphasis added). A strict reading of the statute, construed in Plaintiff's favor, leads to the conclusion that "the date when the same is payable" is the premium due date, not the date the policy will be cancelled. The language preceding this segment, including "in payment of any premium" and "nonpayment when due of any premium," supports this interpretation. Further support is found by the drafters' use of "lapse" and "forfeit" when discussing termination of the policy, terms they abandon when discussing the notice date. Such a reading also conforms with the policy of ensuring that the insured has reasonable notice of premium due dates and opportunity to avoid policy termination.

Although Louisiana case law on this issue is sparse, an Illinois appellate court decision lends persuasive support to this conclusion. *See Time Ins. Co. v. Vick*, 620 N.E.2d 1309 (Ill. App. Ct. 1993). Illinois enacted a notice statute very similar to LA. REV. STAT. § 22:905. Section 234(1) of the Illinois Insurance Code provides that notice must be given "at least fifteen days and not more than forty-five days prior to the day when the same is due and payable . . . ." 215 ILL. COMP. STAT. 5 / 234 (1985). This language is nearly identical to the Louisiana statute, although it adds the phrase, "before the beginning of the period of grace, . . . ." The *Vick* court stated that notice must be given at least 15 days before the premium due date, not after the premium is overdue, such as with a grace period. *Vick*, 620 N.E.2d at 1316. Admittedly, the Louisiana statute does not include the phrase referring to "the period of grace," but this inclusion in the Illinois statute

6

merely helps to clarify the meaning. The statute remains analogous to LA. REV. STAT. § 22:905.

Grace periods are simply an additional form of protection provided by a policy. They cannot act to dilute or supplant the protections provided by LA. REV. STAT. § 22:905. While Defendant was not required to include grace periods as a provision of Plaintiff's policy, its decision to do so did not relieve it of its obligations under LA. REV. STAT. § 22:905.

Because Defendant failed to provide notice to Plaintiff at least 15 and no more than 45 days before the December 12, 2010 due date, the termination of Plaintiff's policy was "illegal and of no effect." *Boring v. Louisiana State Ins. Co.*, 97 So. 856 (La. 1923). Plaintiff's policy should have remained in full effect for one year following Plaintiff's nonpayment on December 12, 2010. Defendant's refusal to accept Plaintiff's premium payments during the interim and reinstate the policy was improper, as Plaintiff should have been given opportunity to bring its payments up-to-date.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment [Doc. No. 11] is GRANTED. Defendant's Motion to Dismiss, or, in the alternative, Motion for Summary Judgment [Doc. No. 6] is DENIED.

MONROE, LOUISIANA, this 11th day of October, 2012.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE