UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JOHNSTON & JOHNSTON** | **CIVIL ACTION NO. 12-1552** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CONSECO LIFE INSURANCE CO.** | **MAG. JUDGE KAREN L. HAYES** |

### RULING

Pending before the Court is Defendant Conseco Life Insurance Company's ("Conseco") Motion to Alter or Amend Judgment ("Motion to Alter or Amend") [Doc. No. 31] under Federal Rule of Civil Procedure 59(e). For the following reasons, Defendant's Motion is DENIED.

### I. INTRODUCTION

On October 11, 2012, this Court issued a Memorandum Ruling and Judgment granting Plaintiff Johnston & Johnston's Motion for Summary Judgment [Doc. No. 11] and denying Conseco's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Doc. No. 6]. On November 6, 2012, Conseco filed the instant Motion to Alter or Amend [Doc. No. 31], as well as a Motion to Stay Execution of Judgment and Posting of Supersedeas Bond ("Motion to Stay") [Doc. No. 32] pending adjudication of the Motion to Alter or Amend. Conseco posted a supersedeas bond, and the Court granted the Motion to Stay on November 9, 2012. [*See* Doc. No. 33.] Johnston & Johnston filed an Opposition to Conseco's Motion to Alter or Amend [Doc. No. 34] on November 21, 2012, and Conseco filed a Reply [Doc. No. 35] on December 4, 2012.

Conseco moves the Court to set aside its October 11, 2012 Ruling and Judgment [Doc. Nos. 27 & 28] based on manifest errors of law and fact.

## II. STANDARD OF REVIEW

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)) (modification in original). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed.1995))).

## III. ANALYSIS

In the Ruling, the Court concluded that the notices sent by Conseco to Johnston & Johnston in advance of its policy termination failed to satisfy the requirements of LA. REV. STAT. § 22:905. Section 22:905 requires that an insurer provide written notice no less than 15 and no more than 45 days prior to the date the premium is payable. The Court concluded that, because the cash value of Johnston & Johnston's policy became insufficient to cover the next monthly deductions on December 12, 2010, this was the operative date for calculating the statutory notice period.

Conseco first argues that the Court made a manifest error of law or fact in concluding that

December 12, 2010, not February 11, 2011, was the operative date for evaluating compliance with the notice requirements of LA. REV. STAT. § 22:905. However, Conseco is simply reasserting the same arguments it made at the summary judgment stage. The Court has already considered those arguments and rejected them, and, therefore, will not consider them in this Ruling. *See Templet*, 367 F.3d at 479.

Conseco also argues that relief should be granted because it was not given an opportunity to brief the issue of whether December 12, 2010, was the operative date. Although the parties did focus their briefs on other dates, the Court found multiple mentions of the December 12, 2010 date in the briefs, demonstrating that these arguments could have been and, indeed, were raised previously. Further, the arguments Conseco offers against the December 12, 2010 date are largely the same as those offered against Johnston & Johnston's proffered date of October 12, 2010 at the summary judgment stage. As such, the Court declines to consider them further.

Conseco next argues that the Court erred in referring to 215 ILL. COMP. STAT. 5 / 234 (1985), the Illinois statute cited in *Time Ins. Co. v. Vick*, 620 N.E.2d 1309 (Ill. App. Ct. 1993). Instead, Conseco offers a New York statute, N.Y. INS. § 3211, as a more instructive example. However, this argument could have been offered during the summary judgment stage, and, thus, the Court will not consider it. Further, the Court notes that the statute's language is markedly different from the language in both § 22:905 and 215 ILL. COMP. STAT. 5 / 234, and, as such, it is unclear how instructive such comparison would be. The New York statute appears to have been drafted with flexible premium policies in mind, while the Louisiana and Illinois statutes lack this language. Although the New York statute may be better equipped to anticipate issues involving flexible premium policies, it is not for this Court to second-guess the Louisiana legislature's

3

decision-making while drafting the statute applicable here, nor to read those policy considerations into the statute.

Conseco's next argument is that the statutory interpretation adopted by this Court would lead to absurd consequences, namely, the possibility that policyholders could exploit the statutory scheme by withdrawing funds from the policy within fifteen days of the anniversary date. Conseco contends this outcome would make it impossible for the insurer to provide the minimum fifteen-day notice and would give the policyholder a year of life insurance without paying premiums. However, again, this argument could have been raised earlier and will not now be considered this Court. These policy considerations are best left to the Legislature, not the courts.

Conseco concludes by arguing that the Court's Ruling would render subsection B of § 22:905 superfluous, a construction not permitted under basic statutory interpretation principles. *Engines Sw., Inc. v. Kohler Co.*, 371 F. Supp. 2d 830, 834 (W.D. La. 2005). Subsection B provides that "[n]o policy shall be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice." Conseco contends that the Court's Ruling renders subsection B meaningless because it would conflict with La. Admin Code tit. 37, § 8511, which provides that "[a] flexible premium policy shall provide for a grace period of at least thirty days . . . after lapse." La. Admin Code tit. 37, § 8511(A)(6)(b). However, the Court's interpretation renders nothing superfluous, nor does it create any conflict. Louisiana has simply elected to provide additional protection to policyholders by providing a minimum thirty-day grace period after lapse, in addition to the minimum fifteen-day notice requirement in the statute. Louisiana's decision to provide more protection than that provided in the schedule creates no conflict. In

4

fact, § 8511(A)(6)(b) further bolsters the Court's conclusion that the operative date was December 12, 2010, when it states, "Unless otherwise defined in the policy, lapse shall occur on that date on which the net cash surrender value first equals zero." Here, it is uncontested that the net cash surrender value equaled zero on December 12, 2010, and thus, this was the operative date envisioned by § 22:905.

Finally, even if the Court's conclusion is incorrect, and the operative date is February 11, 2011, as Conseco contends, Conseco still would not prevail because it failed to provide a thirty-day grace period after February 11, 2011. Recall that § 8511(A)(6)(b) provides that, "*Unless otherwise defined in the policy*, lapse shall occur on that date on which the net cash surrender value first equals zero." (emphasis added). Here, Conseco's policy refers to "lapse" as the end of the grace period, not the day on which the net cash surrender value first equals zero. [Policy, Doc. 21, p. 8.] ("The Company will send written notice that the policy *will lapse* 30 days before the end of the grace period.") (emphasis added). Conseco's own policy language makes clear that the "lapse" occurred after the grace period, on February 11, 2011. Section 8511 required a thirty-day grace period after February 11, 2011, but Conseco failed to provide that, as demonstrated by the affidavit testimony of Johnston & Johnston's accountant, Ralph Spiers. Mr. Spiers testified that he tried to pay the overdue premiums on February 14, 2011, but Conseco refused to accept payment. [Doc. No. 11-2, p. 6.] If Conseco's argument is correct, § 8511 required a grace period through March 13, 2011. Therefore, any error by the Court in its ruling that the operative date was December 12, 2010, would be harmless error because Conseco would still have failed to meet its requirements under § 8511.

## IV. CONCLUSION

For the foregoing reasons, Conseco's Motion to Alter or Amend [Doc. No. 31] under Federal Rule of Civil Procedure 59(e) is DENIED. The Stay Order [Doc. No. 33] entered on November 9, 2012 is hereby LIFTED.

MONROE, LOUISIANA, this 13th day of December, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE