UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JOHNSTON & JOHNSTON** | **CIVIL ACTION NO. 12-1552** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CONSECO LIFE INSURANCE CO.** | **MAG. JUDGE KAREN L. HAYES** |

RULING

Pending before the Court is Defendant Conseco Life Insurance Company's ("Conseco") Motion for Entry of Judgment [Doc. No. 44] and Bill of Costs [Doc. No. 45]. For the following reasons, Conseco's motion is GRANTED, and it is awarded all requested costs.

**I.     Procedural History**

On June 7, 2012, Plaintiff Johnston & Johnston brought this declaratory judgment action, alleging that Conseco improperly cancelled an insurance policy of which Johnston & Johnston was a beneficiary after Johnston & Johnston failed to pay the required premiums. Johnston & Johnston asserted that Conseco's "grace notices" failed to comply with La. Rev. Stat. 22:905, which requires that notice be provided at least 15 days and no more than 45 days in advance of the due date. Thus, according to Johnston & Johnston, Conseco should have accepted its proffered late premium payments.

On October 11, 2012, this Court granted Johnston & Johnston's Motion for Summary Judgment, denied Conseco's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, and entered judgment in favor of Johnston & Johnston. [Doc. Nos. 27 and 28]. The Court found that "Defendant failed to provide notice to Plaintiff at least 15 and no more than 45

days before the December 12, 2010 due date," and, thus, "the termination of Plaintiff's policy was 'illegal and of no effect.'" [Doc. No. 27 at p. 7 (quoting *Boring v. Louisiana State Ins. Co.*, 97 So. 856 (La. 1923)). The Court further found that Johnston & Johnston's "policy should have remained in full effect for one year following Plaintiff's nonpayment on December 12, 2010. Defendant's refusal to accept Plaintiff's premium payments during the interim and reinstate the policy was improper, as Plaintiff should have been given the opportunity to bring its payments up-to-date." *Id.*

On October 11, 2012, pursuant to the order of the Court [Doc. No. 29], Johnston & Johnston filed an Amended Complaint [Doc. No. 30], alleging that it was entitled to pay the policy premiums and "make claim for and recover the policy death benefit of $2,000,000.00."

On November 6, 2012, Conseco filed a Motion to Alter or Amend Judgment [Doc. No. 31] and a Motion to Stay Execution of Judgment and Posting of Supersedeas Bond ("Motion to Stay") [Doc. No. 32]. In the Motion to Stay, Conseco stated that it had posted a bond in the amount of $2,142,000.00, 120% of the Judgment, in accordance with Local Rule 62.2; that Johnston & Johnston consented to the stay of execution; and that Johnston & Johnston agreed "that the amount of the bond is appropriate." [Doc. No. 32]. On November 9, 2012, the Court granted the Motion to Stay, pending disposition of the Motion to Alter or Amend Judgment. [Doc. No. 33].

After briefing was complete, the Court denied Conseco's Motion to Alter or Amend Judgment. [Doc. Nos. 36 and 37].

On December 28, 2012, Conseco timely filed a Notice of Appeal of the Court's October 11, 2012 Judgment [Doc. No. 28] and its December 13, 2012 Order [Doc. No. 37] denying

Conseco's Motion to Alter or Amend Judgment.

On January 2, 2013, Conseco filed a Motion for Stay Pending Appeal and to Maintain Supersedeas Bond [Doc. No. 39]. Conseco moved the Court to stay execution of his Judgment [Doc. No. 38], pursuant to Federal Rule of Civil Procedure 62(d), and to maintain the supersedeas bond posted by Conseco. Conseco stated in the motion, that, "[w]hile the amount of the Judgment was not specified, the parties agree that the amount of the judgment will be the policy's $2,000,000 death benefit, less unpaid premiums of $215,066.51, resulting in a net amount of $1,784,933.50." [Doc. No. 39, p. 4]. Conseco also stated that Johnston & Johnston "consents to the stay of execution requested herein and agrees that the amount of the bond is appropriate." *Id.* Johnston & Johnston did not file an opposition or response to Conseco's motion. On January 3, 2013, the Court granted the motion.

On December 4, 2013, the United States Court of Appeals issued its mandate reversing this Court. In its October 17, 2013 opinion, the Fifth Circuit found that Conseco's January 6, 2011 notice satisfied the timing requirements of La. Rev. Stat. § 22:905, and "all rights under the Policy had terminated nearly a year before the insured's death in August 2012." [Doc. No. 43, p. 16]. The Fifth Circuit remanded for entry of judgment and ordered costs to be assessed against Johnston & Johnston.

On remand, Conseco filed the instant Motion for Entry of Judgment [Doc. No. 44] and Bill of Costs [Doc. No. 45]. Its Bill of Costs lists those costs "as shown on Mandate of Court of Appeals" in the amount of $523.70 and the "surety premium incurred to post a supersedeas bond and prorated renewal surety premium" in the amount of $35,122.68, for total requested costs of $35,646.38.

Johnston & Johnston filed a memorandum in opposition to Conseco's Motion for Entry of Judgment [Doc. No. 46], but, in actuality, Johnston & Johnston does not dispute that Conseco is entitled to entry of judgment. Johnston & Johnston also does not dispute that Conseco was entitled to payment of the appellate court costs of $523.70 and has paid those costs already. Instead, Johnston & Johnston objects that Conseco is not entitled to recover the cost of the bond premium.

Citing Federal Rule of Civil Procedure 62, Johnston & Johnston contends that a supersedeas bond was not necessary to stay execution of the Court's judgment during Conseco's appeal because the Court did not enter a money judgment. Although the Court entered judgment in Johnston & Johnston's favor, Johnston & Johnston contends that it still would have had to take several steps to convert the ruling to a monetary award (*e.g.*, paying the policy premiums and submitting the death certificate). A supersedeas bond is meant to delay a writ of execution, and a writ of execution only issues to enforce a money judgment. FED. R. CIV. P. 69(a)(1). Further, citing Federal Rule of Appellate Procedure 39(a) and *Graham v. Milky Way Barges, Inc.*, 122 F.R.D. 18 (E.D. La. 1988), Johnston & Johnston argues that this Court is bound by the Fifth Circuit's decision to limit the award of costs to those assessed by the Clerk in the Bill of Costs and which have already been paid.

Conseco filed a reply memorandum. [Doc. No. 49]. Conseco points out that prior to the filing of its Motion to Stay Execution and for Posting of Supersedeas Bond the parties agreed that the amount of the judgment would be the policy's death benefit, less unpaid premiums, for a net amount of $1,784,933.50. [Doc. No. 32]. Thus, Conseco argues that the Court's judgment, in essence, was a money judgment and "Plaintiff [consented] to the stay of execution . . . and

4

agree[d] that the amount of the bond [was] appropriate." *See* [Doc. No. 32]. In short, Conseco argues that Johnston & Johnston agreed that a bond was necessary, agreed to the amount of the bond, and is now bound by the agreement and cannot legitimately contest Conseco's recovery of the bond premium as costs.

Conseco argues further that the case cited by Johnston & Johnston is inapposite. In *Graham*, Conseco admits that the Eastern District of Louisiana refused to award costs additional to those listed in the Fifth Circuit's Bill of Costs. However, in that case, the Fifth Circuit had reversed in part and affirmed in part. Thus, the Eastern District relied on Federal Rule of Appellate Procedure 39(a)(4), which provides that "costs are taxed **only as the court orders**." (emphasis added). In this case, the Fifth Circuit reversed this Court, and Rule 39(a)(3) is applicable. Rule 39(a)(3) states that "costs are taxed against the appellee," and the award of costs is not limited to those ordered by the Fifth Circuit in its Bill of Costs.

Finally, Conseco argues that, under Federal Rule of Appellate Procedure 39(e)(3), "premiums paid for a supersedeas bond or other bond to preserve rights pending appeal" are costs which are "taxable in the district court for the benefit of the party entitled to costs under this rule."

Johnston & Johnston filed a supplemental opposition [Doc. No. 52], arguing that it never agreed that the bond was necessary simply by failing to oppose the Motion for Stay and the Filing of a Supersedeas Bond. Regardless, Johnston & Johnston re-asserts its earlier arguments and contends that its "consent" to Conseco's motion would not change the law.

II.     **Law and Analysis**

First, to the extent that Conseco has moved for entry of judgment, its motion is

unopposed, and judgment will be entered. The Court now turns to the amount of costs.

Under Rule 62(d), "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."

In *Hebert v. Exxon Corp.*, 953 F.2d 936 (5th Cir. 1992), the Fifth Circuit explained the use of a supersedeas bond to obtain a stay of execution of judgment:

> This provision of Rule 62 entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond. *See Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 526 (7th Cir.1982); *accord NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir.1988). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment." *Westphal*, 859 F.2d at 819; *see also Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979) (policy behind supersedeas bond is to preserve "the status quo while protecting the non-appealing party's rights pending appeal").
>
> Courts have restricted the application of Rule 62(d)'s automatic stay to judgments for money because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment. *See, e.g., Westphal*, 859 F.2d at 819 (Rule 62(d) did not operate to stay an order directing compliance with NLRB subpoenas); *Donovan*, 696 F.2d at 526-27 (appellant not entitled to stay of order to permit OSHA inspection under Rule 62(d)); *United States v. United States Fishing Vessel MAYLIN*, 130 F.R.D. 684, 686 (S.D.Fla.1990) (Rule 62(d) inapplicable because supersedeas bond would not ensure that the Government could adequately compensate claimant for the lost use of his seized commercial fishing boat "and the income that it may produce for him over the many months that its appeal may be pending on the Circuit"). Under this reasoning, the supersedeas bond requirement in Rule 62(d) serves, in money judgment cases, as a "kind-for-kind security to guarantee the judgment." *United States Fishing Vessel MAYLIN*, 130 F.R.D. at 686.
>
> **We find no support for the proposition that a judgment for money is not entitled to an automatic stay pursuant to Rule 62(d) simply because it takes the form of a declaratory judgment.** The district court's conclusion erroneously distinguishes between declaratory and money judgments. **The applicability of Rule 62(d) turns not on that distinction, but on whether the judgment involved is monetary or nonmonetary, so long as the judgment is not**

6

>  **otherwise excepted under Rule 62(a).** Here, the district court's declaratory judgment binds Albany to pay a specific sum of money. Accordingly, both the language of Rule 62(d) and its underlying rationale entitle Albany to an automatic stay pending appeal in this case.

953 F.2d at 938.

In this case, the Court's October 11, 2012 Ruling and Judgment in favor of Johnston & Johnston was a declaratory judgment entitling it, ultimately, to obtain the proceeds of a life insurance policy. Even though the award was in the form of a declaratory judgment, all that stood between Johnston & Johnston and collection of the death benefits was the payment of policy premiums and the procedural steps necessary to file the claim and prove that the insured is now deceased. A bond protected Johnston & Johnston from the possibility that Conseco would not have the funds available at the completion of the appeal.

Further, at the time of appeal, Johnston & Johnston did not raise its current argument that a bond was unnecessary. Johnston & Johnston states that it had no duty to oppose the filing of the bond because Conseco "may spend its money however it pleases," but by failing to oppose the motion or object to the necessity of the bond, Johnston & Johnston placed itself at risk for the very cost it now incurs. Thus, while the Court cannot say that Johnston & Johnston waived this issue, equity is not in its favor when the Court could have resolved this issue prior to appeal, so that neither party was responsible for what Johnston & Johnston now views as an unnecessary expense.[1]

The Court also rejects Johnston & Johnston's argument that Conseco's costs are limited

---

[1] Although the Court has determined that a bond was appropriately procured under Rule 62, there is some authority providing for alternatives to a bond which could have been considered if this issue was presented for consideration prior to appeal.

to those listed in the appellate Bill of Costs. As properly argued by Conseco, under Federal Rule of Civil Procedure 39(a)(4), "costs are taxed against the appellee," and, under Federal Rule of Appellate Procedure 39(e)(3), "costs" include the "premiums paid for a supersedeas bond or other bond to preserve rights pending appeal." These premiums, like Conseco's appellate court costs are "taxable in the district court for the benefit of the party entitled to costs under this rule." Fed. R. App. P. 39(e)(3). Even if Rule 62 did not require Conseco to obtain a bond, it is clear that it obtained the bond to "preserve" Johnston & Johnston's rights to collect on the declaratory judgment and thus the bond premiums are taxable under Federal Rule of Appellate Procedure 39(e)(3) as "costs."

### III. Conclusion

For the foregoing reasons, Conseco's Motion for Entry of Judgment [Doc. No. 44] is GRANTED, and it is awarded all costs requested in its Bill of Costs [Doc. No. 45] for a total of $35,646.38, with credit for any amounts already remitted.

MONROE, LOUISIANA, this 16th day of January, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE